MARY E. McINTIRE (FORMERLY MARY E. MARKS), APPELLEE, v. HENRY BEEBE ET AL., APPELLANTS.

FILED JANUARY 22, 1902. No. 10,316.

Findings: CONFLICTING EVIDENCE. The findings of a trial court upon conflicting evidence must be sustained upon appeal, unless clearly wrong.

APPEAL from the district court for Pawnee county. Heard below before LETTON, J. *Affirmed.*

*Conley & Fulton* and *Story & Story,* for appellants.

*G. E. Becker* and *John B. Raper, contra.*

SEDGWICK, J.

This action was begun in the district court of Pawnee county by this plaintiff, appellee, to foreclose a real estate mortgage for $1,000 and interest. The petition contains the usual allegations, and the answers of the defendants in substance alleged that before the commencement of the action the defendant Beebe was the owner of the fee in the land, and the defendants Warren and Remick had a second mortgage thereon subject to plaintiff's mortgage, and that the defendant Beebe had paid the plaintiff's mort-

gage upon the land by executing and delivering to her a quitclaim deed of the premises, and the defendants Warren and Remick ask that their mortgage be decreed the first lien. There was a trial to the court, and general findings and decree for the plaintiff, foreclosing her mortgage as prayed, and finding the mortgage lien of the defendants Warren and Remick to be subject to the lien of plaintiff's mortgage. From this decree the defendants have appealed to this court.

The appellants contend that the decree is not supported by the evidence. It appears from the evidence that the plaintiff is a non-resident of the state and that one Becker, who is an attorney at law, was employed by her to collect her note and mortgage. The papers had been sent to him by her for that purpose, and there was some negotiation between Mr. Becker and Mr. Beebe having in view the conveyance of the land by the defendant, Beebe, to the plaintiff to avoid the expenses of foreclosure. Mr. Beebe testifies that this had been agreed upon, and that he went to Mr. Becker's office with a quitclaim deed, duly executed by himself and wife, conveying the land in question to the plaintiff, and that Mr. Becker surrendered to him the note secured by plaintiff's mortgage in question, and received from him the quitclaim deed, and that Mr. Becker at the time knew of the existence of the second mortgage. This evidence is denied by Mr. Becker, who testified that while they were discussing the proposition Mr. Beebe asked to see the note, and was allowed to do so, and then refused to return it, and that Mr. Becker never received the deed. It does not appear that there was ever any negotiation in regard to the possession of the premises, and the plaintiff never obtained possession thereof. The trial court found the issues in favor of the plaintiff, and we think that the finding is fully supported by the evidence. It is therefore not necessary to consider what would have been the effect of the transaction, if completed in all respects as the defendant Beebe claims.

The decree of the district court is

AFFIRMED.